## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Derrick E. Murphy,　　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　1:09cv302 (LO/TRJ)
　　　　　　　　　　　　　　　　　　)
Gene M. Johnson,　　　　　　　　　　)
　　　　Respondent.　　　　　　　　　)

FILED

JAN 2 6 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION

Derrick E. Murphy, a Virginia inmate proceeding pro se, has filed a petition for writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

robbery and use or display of a firearm in committing a felony following a jury trial in the Circuit

Court for Prince William County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5

Answer, along with a supporting brief and exhibits. Murphy was given the opportunity to file

responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has

opted not to file a reply. For the reasons that follow, Murphy's claims must be dismissed.

### I. Background

On July 18, 2006, following a jury trial, Murphy was found guilty of robbery and use or

display of a firearm in the commission of a felony. By Order dated December 5, 2006, Murphy was

sentenced to serve twenty three (23) years in prison with five (5) years suspended, for a total active

sentence of eighteen (18) years incarceration. Commonwealth v. Murphy, Case No. CR61861 -

CR61862; Resp. Ex. 1.

Murphy pursued a direct appeal, raising claims that: (1) the court erred in failing to declare

a mistrial after the jury observed him in a bailiff's custody being escorted to a door that was not accessible to the public, and (2) the evidence was insufficient to sustain the convictions. The Court of Appeals of Virginia denied the petition for appeal in an unpublished *per curiam* opinion on July 18, 2007. Murphy v. Commonwealth, R. No. 0015-07-4 (Va. Ct. App. July 18, 2007). Resp. Ex. 2. On November 27, 2007, the Supreme Court of Virginia refused Murphy's petition for further appeal. Murphy v. Commonwealth, R. No. 071695 (Va. Nov. 27, 2007). Resp. Ex. 3.

Murphy then pursued an application for habeas corpus relief in the Supreme Court of Virginia, reiterating the same two claims he had made on direct appeal. On October 30, 2008, the Court dismissed the petition on the holding that it was frivolous. Murphy v. Director, Dep't of Corrections, R. No. 018706 (Va. Oct. 30, 2008). Resp. Ex. 4.

On February 27, 2009, Murphy the instant federal habeas petition,[1] alleging that:

1. The court erred in failing to declare a mistrial after the jury observed him in the custody of a bailiff being directed toward a door that was not accessible to the public.

2. The evidence adduced at trial was insufficient to sustain the convictions.

On June 29, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss Murphy's claims, along with a supporting brief and exhibits. Respondent also provided petitioner with notice pursuant to Roseboro, 528 F.2d at 309, and Murphy elected not to file a reply. As Murphy's petition was filed timely pursuant to 28 U.S.C. § 2244 and the respondent does not challenge the exhaustion

---

[1] For federal habeas corpus purposes, a pleading submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Murphy declared that his petition was placed in the prison mailing system on February 27, 2009, Pet. at 14, and it was date-stamped as being received by the Clerk on March 11, 2009. Pet. at 1.

of either claim,[2] the petition is ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that

---

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Here, it is arguable that Murphy's claims were not properly exhausted, as they were not expressed as errors of constitutional dimension when presented on his direct appeal, and no federal constitutional principles or case law were cited in support of Murphy's position. Resp. Ex. 2. However, 28 U.S.C. § 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because the claims raised in this petition are clearly without merit, the Court will exercise that discretion here.

3

the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

### A. Claim 1

In his first claim, Murphy contends that the court erred in failing to declare a mistrial after the jury observed him in the custody of a bailiff being directed toward a door that was not accessible to the public. When Murphy made this same argument on his direct appeal, the Court of Appeals of Virginia found it to be without merit for the following reasons:

> During a ten-minute recess, in the presence of the jury, the bailiff motioned appellant towards a door leading from the courtroom to lockup. Appellant stood and took a step toward the bailiff when the assistant Commonwealth's attorney stated, 'Is the jury going to leave the room?,' at which point appellant sat and the jury exited the courtroom. Appellant contends the trial court erred in denying his motion for a mistrial on the ground that this incident unduly prejudiced the jury.

> Appellant argues that observing appellant walk toward a door inaccessible to the public at the behest of the bailiff prejudiced the jury against him and denied him a fair trial. 'The denial of a motion for mistrial will not be reversed absent an abuse of discretion.' Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993). Here, the door was unmarked and there is no record indication the jury was aware that the bailiff was gesturing appellant toward lockup. Accordingly, the trial court did not abuse its discretion in denying appellant's motion.

Murphy v. Commonwealth, supra. Resp. Ex. 2. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The right to a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, requires that a defendant's guilt or innocence must be determined solely on the basis of the evidence adduced at trial, rather than "on grounds of official suspicion, indictment, [or] continued custody." Taylor v. Kentucky, 436 U.S. 478, 485 (1978). Thus, it is constitutionally impermissible to require an accused to stand trial wearing visible shackles absent the showing of a specific need, Illinois v. Allen, 397 U.S. 337 (1970), or clearly identifiable prison garb. Estelle v. Williams, 425 U.S. 501 (1976). On the other hand, not "every practice tending to single out the accused from everyone else in the courtroom" offends constitutional principles. Holbrook v. Flynn, 475 U.S. 560, 567 (1986). Rather, "[t]o guarantee a defendant's due process rights under ordinary circumstances, our legal system has instead placed primary reliance on the adversary system and the presumption of innocence." Id. Thus, "[w]hen defense counsel vigorously represents his client's interests and the trial judge assiduously works to impress jurors with the need to presume the defendant's innocence," the Supreme Court has "trusted that a fair result can be obtained." Id. at 567-68.

Here, as the Virginia Court of Appeals held, there was no record indication that the jury saw the bailiff gesturing Murphy toward the lockup door, or that the jurors would have had any awareness that the unmarked door led to the lockup area.[3] In addition, the jurors were clearly

---

[3]In denying the motion for mistrial, the trial court pointed out to defense counsel that "there's absolutely no suggestion in this courtroom that that's a lock-up; it's just a door. There's been no suggestion to the jury of anything that that's a lock-up. You know it's a lock-up, and I know it's a lock-up because we're here all the time, but they don't. There's no way that they should know that that's a lock-up because there's no sign on it." Tr. July 18, 2006 at 75 - 76.

instructed regarding the presumption of innocence and admonished that it was "enough to require [them] to find the Defendant not guilty unless and until the Commonwealth proves each and every element of the offense beyond a reasonable doubt." Tr. July 18, 2006 at 128. It is apodictic that jurors are presumed to follow the jury instructions that they are given. Richardson v. Marsh, 481 U.S. 200, 206 (1987). Under these circumstances, the Court of Appeals' rejection of Murphy's first claim was neither an unreasonable determination of the facts nor an unreasonable application of federal law, so the same result must pertain here. Williams, 529 U.S. at 412-13.

**B. Claim 2**

In his second claim, Murphy asserts that the evidence adduced at trial was insufficient to sustain his convictions, because the victim's testimony should not have been believed. When Murphy made this same argument on direct appeal, it was rejected on the following holding:

> Appellant contends the trial court erred in finding the evidence sufficient to convict him of robbery and the use of a firearm in the commission of a felony. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E. 2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E. 2d 415, 418 (1987)). So viewed, the evidence proved that Rogelio Aseneta, Jr., the victim, testified that, as he was exiting his parked car, appellant pointed a handgun at him and robbed him of $670. Aseneta saw the license plate number and the color of the robber's car, wrote down this information, and gave it to the police along with a description of the robber as a gray-haired black man wearing a leather jacket.
>
> Officer Michael Giebesch testified that approximately two weeks after the robbery he observed a car matching the color and license plate number Aseneta had provided to the police. The car was parked at a gas station and Giebesch saw appellant, whom Giebesch said had gray hair and a leather jacket, pumping gas into a vehicle. Giebesch arrested appellant and found a loaded, semi-automatic pistol in his

jacket pocket. When police presented Aseneta with a photo array, Aseneta circled another man's photo and wrote on the identification report that he was '80% sure' that this man was his robber. However, in court, Aseneta identified appellant as the man who had robbed him. Aseneta provided specific details of his robber's appearance, stating that he wore a leather jacket, jeans, and tennis shoes, carried a stainless steel gun less than six inches long, and was a thin man with a goatee and graying hair.

Appellant argues that Aseneta provided several different accounts of the identity of the robber and failed to identify his photo from the photo array. However, '[t]he credibility of the witnesses and the weight accorded to the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E. 2d 730, 732 (1995). Aseneta's testimony was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of robbery and the use of a firearm in the commission of a felony.

Murphy v. Commonwealth, supra. Resp. Ex. 2.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. As Murphy has failed to satisfy his burden of showing that the rejection of his second claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

## IV. Conclusion

For the foregoing reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this _26th_ day of _January_ 2010.

Alexandria, Virginia

/s/ _____

Liam O'Grady
United States District Judge